Caruthers, J.,
delivered the opinion of the Court.
Thomas & Greenway, merchants in Somerville, being largely indebted, even to insolvency, on the 12th of May, 1857, made an assignment for the benefit of their creditors, of cash notes on Washer & Rose, for $12,000, and all their other notes, accounts, officer’s receipts and judgments, to Joel L. Pulliam, as trustee, to collect and pay out. The deed provided for the payment of their “home creditors,” and endorsers by name, and the balance to be divided pro rata among their New York and Philadelphia creditors, to whom they owed $21,000, but *348 were not otherwise specified than by this general description. But the benefit of this last provision was confined to such as might present their claims to the trustee on or before the 25th of December, 1858, and they were to he all notified by the trustee. The trustee was put into possession of the notes, &c., thus assigned, on the 15th of May — three days after the assignment.
This deed of trust, as it is called, was regularly proved by the subscribing witnesses on the day of its date, as to Thomas, and at the same time acknowledged by Greenway; hut the clerk failed to state, in his certificate, that he was personally acquainted with him. It was on the same day filed and noted for registration.
On the 28th of October, 1857, this hill was filed in the Chancery Court at Somerville, by a large number of the Philadelphia creditors, who had obtained judgments, and had executions returned, “no property found,” on their respective claims, amounting to a large sum, against Pulliam, the trustee, Thomas & Greenway, and all the beneficiaries in the trust deed, to reach the effects in the hands of the trustee, and make them liable to their debts. They claim the interest of Greenway, at all events, if they cannot reach the . whole, on account of the defect in the certificate of acknowledgment, as to him. They impute no fraud whatever, hut contend that the deed is void on account of the provision excluding such eastern creditors as do not file their .claims in the specified time.
The Chancellor overruled the demurrer to the hill, and after answers and proof, decreed that the assignment 'was good as. to Thomas, hut not as to Greenway, *349 and subjected his one half of the property in the hands of the trustee, to the payment of the debts of complainants. Erom this decree the- defendants appealed1.
His Honor erred in his final decree, as well as upon the demurrer.
The bill is based upon but two grounds. 1st: That the deed is void on account of the provision in relation to the Hew York and Philadelphia creditors; and 2d: That the half interest of Greenway does not pass under the deed, because of the defect in his acknowledgment before stated. If the complainants be wrong in both their positions, then, there is no equity in their bill, as they make no other objection to the assignment, and the demurrer should have been allowed, and the bill dismissed.
1. We are aware of no decision of this, or any other Court, that will sustain the first position. It was a just and prudent provision. Twenty months were given to them to present their claims. It was proper to prescribe some time for the distribution of the fund in justice to those that might be vigilant; otherwise, as there was not enough to pay all, and the distribution among them was to be equal, according to the amount of their claims, the delay might have been unreasonable, on account of the supineness of a few, and the trustee would never have been able to act with safety to him- • self ' and justice to them, in the discharge of his trust. They were not prohibited from suing under a penalty of forfeiture, nor were they required to remit part of their debts in order to get the balance. This provision, then, does not invalidate the deed upon any established principle, or sound reason.
*350 2. Waiving the question as to the power of one member of the firm to make an assignment of the joint effects for the payment of demands against the firm, after the dissolution, and also the question as to the effect of the insufficiency of the acknowledgment, if it' were an instrument required to he registered, the case is still without difficulty on this point. We have recently decided in the case of Allen v. Bain and others, to he reported, that an assignment of choses in action is not embraced by our registry acts, and it is as good without, as with registration. Therefore, this deed was as effectual to pass and vest rights as if it had been registered upon a valid probate, there being-no other objection to it. We need not now re-open that question, or enter into an argument to fortify our conclusion. It was decided upon full consideration, and must stand as the law.
The question upon the necessity of notice to Thomas & Grreenway’s debtors, of the assignment, in order to make the right of the assignee complete and perfect, though presented in the argument, does not arise. The bill does not attack the conveyance upon that ground, nor does it make the debtors, but only the trustee and beneficiaries in the deed, defendants. The attachment is only asked and issued against the defendants, and not the debtors in the claims assigned. Therefore, we are relieved from the consideration of that question, also.
The result is, that the bill is destitute of equity, and should have been dismissed upon the demurrer.
Let the decree be reversed, and the bill dismissed with costs.